UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD COHEN,<br><br>                Plaintiff,<br><br>vs.<br><br>UNIQURE N.V.,<br><br>                Defendant. | Civil Action No. |

**COMPLAINT**

Plaintiff Edward Cohen ("Plaintiff"), by his undersigned attorneys, alleges the following based upon personal knowledge as to his own acts and information and belief as to all other matters, based upon the investigation conducted by and through her attorneys:

**NATURE OF THE ACTION**

1. Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101, lists information required to be in a proxy statement pursuant to 15 U.S.C. § 78n(a), and requires that "[i]f action is to be taken with respect to any [compensation] plan pursuant to which cash or noncash compensation may be paid or distributed" certain information must be furnished to shareholders.

2. Defendant uniQure N.V. ("uniQure" or the "Company") furnished shareholders with a definitive proxy statement issued through the Securities and Exchange Commission's ("SEC") Electronic Data Gathering, Analysis, and Retrieval system ("EDGAR") on Schedule 14(a) on April 30, 2018 (the "Solicitation") which included eleven voting proposals that required shareholder action to approve.[1] Of those eleven voting proposals, the sixth voting proposal

---

[1] The Solicitation states that "The approximate date on which the Proxy Statement and Proxy Card are intended to be first sent or given to the Company's shareholders (each a "Shareholder", and collectively, the "Shareholders") is May 16, 2018.

("Proposal 6") seeks shareholder action, by way of a vote, to amend the Company's 2014 Amended and Restated Share Option Plan (the "2014 Restated Plan").

3. As described below, Proposal 6 does not comply with the SEC's disclosure requirements for proxy statements, codified at Item 10(a)(1) of 17 C.F.R. § 240.14a-101.

4. Because of Defendant's non-compliance with 17 C.F.R. § 240.14a-101, Plaintiff, a shareholder of the Company whose vote is solicited, brings this stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. § 78n(a), and the rules and regulations of the SEC, to enjoin a vote by its shareholders on Proposal 6 in the Solicitation for the annual meeting of UniQure shareholders scheduled for June 13, 2018 (including any adjournments or postponements thereof, the "Annual Meeting").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

6. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

7. Venue is proper in this District because, as allowed under Section 27(a) of the Exchange Act, this District is where the violation at issue in this case occurred because numerous Solicitations, including Plaintiff's, were or will be mailed to UniQure shareholders residing in this District.

## PARTIES

8. Plaintiff, a UniQure shareholder as of the close of business Eastern Time on May 16, 2018 (the "Record Date"), is entitled to notice of, and to participate in and vote at, the Annual Meeting.

9. UniQure is a corporation organized under the laws of the Netherlands that maintains a presence at 113 Hartwell Avenue, Lexington, MA 02421, and has designated an agent for service at that address.[2] UniQure a gene therapy company, engages in the discovery, development, and commercialization of gene therapies. According to the Solicitation, "[o]n March 31, 2018, we had issued and outstanding 31,771,816 Ordinary Shares. We have no other securities entitled to vote at the 2018 Annual Meeting." UniQure's stock is trades on the NASDAQ stock exchange under the symbol "QURE".

## Wrongful Acts and Omissions

10. Proposal 6 requests that UniQure's shareholders vote at the Annual Meeting to amend the 2014 Restated Plan to "increase the authorized number of Ordinary Shares available by 3,000,000", just over 9.44% of the Company's 31,771,816 Ordinary Shares outstanding, and together with the shares still grantable under the 2014 Restated Plan represents over 12% of the Company's outstanding shares. Looked at another way, based upon the closing price of UniQure's stock the day before the transaction of $31.51, Proposal 6 seeks shareholder approval to grant equity worth $94,530,000 in addition to the $25,960,994.47 already authorized by not granted.

11. The Company is seeking shareholder approval of Proposal 6, in part, because:

> The purpose of the 2014 Restated Plan is to advance the interests of the Company's shareholders by enhancing the Company's ability to attract, retain and motivate persons who are expected to make important contributions to the group and by providing such persons with equity ownership opportunities and performance-based incentives that are intended to better align the interests of such persons with those of the Company's shareholders. Pursuant

---

[2] *See* https://www.sec.gov/Archives/edgar/data/1590560/000110465917073279/a17-28388_1s8.htm; https://www.sec.gov/Archives/edgar/data/1590560/000110465917016455/a17-8147_1f3a.htm; https://www.sec.gov/Archives/edgar/data/1590560/000104746914000545/a2218007zf-1a.htm.

3

>to the 2014 Restated Plan, the Company may grant incentive share options, non-statutory share options, share appreciation rights, restricted share awards, restricted share units and other share-based awards. Under the 2014 Restated Plan, the maximum number of Ordinary Shares available is currently limited to 5,601,471. As of March 31, 2018, 823,897 Ordinary Shares remain available for grant under the 2014 Restated Plan.

12. The Solicitation shows, under a section entitled "Historical Granting Practices[,]" that 2,301,450 shares were granted during 2017, but 475,000 of those shares were granted outside of the 2014 Restated Plan. Thus, 1,826,450 shares were granted within the 2014 Restated Plan during 2017.

13. The Solicitation states that "[a]s described above, 823,897 Ordinary Shares remain available for grant of awards under the 2014 Restated Plan as of March 31, 2017" which appears to be an error unless all 1,826,450 shares granted under the 2017 Plan were granted before March 31, 2017.

14. The Solicitation also states with respect to "Summary of Proposed Changes to the 2014 Restated Plan" that:

>It is now proposed to increase the equity incentive pool under the 2014 Plan in order to provide adequate incentives for new and existing employees, the executive director, non-executive directors, consultants and advisors in light of the significant growth of the group's operations and staff to support the Company's development programs. The amendment to the 2014 Restated Plan, if approved, will increase the authorized number of Ordinary Shares available by 3,000,000.

15. Proposal 6 does not provide the legally required information because it does not provide sufficient information for UniQure stockholders to understand how many participants are eligible to participate in the Plan, and thus it does not comply with Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101, which requires:

4

> *Item 10. Compensation Plans.* If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> **(a)** *Plans subject to security holder action.*
>
> **(1)** Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

16. Instead of providing the "approximate number of persons in each such class, and … the basis of such participation," Proposal 6 only tells stockholders the following about who will receive these awards:

> *Eligibility and Participation*
>
> *All* of the Company's employees, executive directors and non-executive directors, as well as consultants and advisors to the Company (as such terms are defined and interpreted for purposes of Form S-8, or any successor form) are eligible to be granted awards under the Plan. Eligibility to participate in the Plan shall be determined at the sole discretion of the Board.

(emphasis added).

17. The Solicitation omits the approximate number of persons, by class, who qualify as eligible participants under the Plan.

18. This omission is particularly important here because shareholders must decide whether to approve of the large amount of the Company proposed to be granted to an unknown number of persons in a relatively short period of time. The Solicitation states that

> [b]ased on our current equity award practices, the Board of Directors estimates that the authorized shares under the 2014 Restated Plan as amended may be sufficient to provide us with an opportunity to grant equity awards for approximately two to three years, in amounts determined appropriate by the Board, which will administer the 2014 Restated Plan as amended.

5

19. The Solicitation also omits the basis of such participation in the 2014 Restated Plan, other than that such participation will be "determined at the sole discretion of the Board."

20. Addressing Item 10(a)(1) with respect to Voting Proposal No. 8 (involving the approval of an employee share purchase plan ("ESPP")), the Solicitation states that:

> To be eligible to participate in the Purchase Plan, an employee must be *customarily employed at least 20 hours per week (and work more than five months in a calendar year)* by the Company or a subsidiary of the Company designated by the Committee as eligible to participate in the Purchase Plan. Executive Board members are also eligible to participate in the Purchase Plan. As of March 31, 2018, approximately 187 employees, including 6 executive officers, would have been eligible to participate in the Purchase Plan had it been in effect on such date.

(emphasis added).

21. No such limitations are in place for the 2014 Restated Plan, and there is no disclosure of the approximate number of persons in each class of "new and existing employees, the executive director, non-executive directors, consultants and advisors."

22. There were presumably enough persons who are "customarily employed at least 20 hours per week (and work more than five months in a calendar year)" for that carve-out to be placed in the ESPP, but there is no such carve-out in the 2014 Restated Plan.

23. As a result of the above defects, the Solicitation does not inform shareholders of how many participants may be awarded the additional 3,000,000 shares that UniQure's stockholders are being asked to approve or the basis of their receipt of such awards by the unknown amount of participants. Thus, the Company must disclose to its shareholders, before they vote, the approximate number of persons *in each class* of persons who will be eligible to participate in the 2014 Restated Plan, and state the basis of such participation of such participants.

6

Case 1:18-cv-02940-DLI-SJB   Document 1   Filed 05/17/18   Page 7 of 8 PageID #: 7

24. This contravention of the SEC rules renders the Solicitation unlawful under § 14(a) of the Exchange Act.

25. The preceding paragraphs state a direct claim for relief against UniQure under § 14(a) of the Exchange Act for acting in contravention of the rules and regulations prescribed by the SEC.

26. As a result of these actions, Plaintiff will be injured, and she has no adequate remedy at law. She will suffer irreparable harm if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the Plan allows for the issuance of 3 million shares worth approximately $94.5 million, to be granted to an unknown number of persons who qualify as eligible.

27. It is necessary for the Court to take action to enjoin the vote beforehand to prevent shares from being distributed to participants based on an uninformed vote that lacks proper and informed shareholder approval because unwinding awards following the Annual Meeting would be impracticable.

28. To ameliorate injury, the Court should grant injunctive relief and stay the shareholder vote unless the Company issues a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1), and which is timely furnished to shareholders.

29. UniQure should be enjoined from presenting Proposal 6 for a stockholder vote at the Annual Meeting or certifying or otherwise accepting any vote cast in connection with Proposal 6 unless the appropriate amendments are timely made.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor, and against UniQure, as follows:

(A) A preliminary and permanent injunction, enjoining UniQure from:

7

      i.      presenting Proposal 6 for a shareholder vote at the Annual Meeting unless a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1) is timely furnished to shareholders;

      ii.      certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any UniQure stockholder in connection with Proposal 6 in the Solicitation unless a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1) is timely furnished to shareholders;

(B)    A preliminary and permanent injunction requiring UniQure to furnish a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1);

(C)    A preliminary and permanent injunction enjoining UniQure from otherwise proceeding at its Annual Meeting at the set time or at any other time, in a manner inconsistent with Item 10(a)(1);

(D)    Awarding Plaintiff reasonable attorney's fees and expenses incurred in bringing this action and in creating a benefit for all of UniQure's shareholders to the extent that a common benefit is conferred, and;

(E)    Granting such other and further relief as this Court may deem just and proper.

Dated: May 17, 2018              STULL, STULL & BRODY

                                      /s/ Michael J. Klein
                                      Michael J. Klein
                                      6 East 45th Street
                                      New York, NY 10017
                                      Phone: (212) 687-7230
                                      Fax: (212) 490-2022
                                      mklein@ssbny.com

                                      *Attorneys for Plaintiff*